UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1st AVENUE FUNDING,

    Plaintiff,

                                                   Civil Action No. 12-CV-13067-DT
v.                                                Honorable Denise Page Hood

FAIRCHILD HOLDINGS, INC., MICHAEL
L. HARMON, and REBECCA A. HARMON,

    Defendants.
_____/

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

On July 12, 2012, Plaintiff 1st Avenue Funding ("1st Avenue") filed the instant action against Defendants Fairchild Holdings, Inc., Michael L. Harmon and Rebecca A. Harmon. 1st Avenue alleges the following counts: Breach of Contract (Count I); Fraud/Intentional Misrepresentation (Count II); Action for Accounting (Count III); Conversion (Count IV); Disregarding Business Entity Form (Count V); and, Request for Injunctive Relief (Count VI). Plaintiff alleges that the parties entered into a Financial Consulting and Asset Management Agreement wherein Plaintiff forwarded an initial investment of $1,000,000.00, to be invested in various ventures. Plaintiff alleges that Defendants instead usurped the funds and have failed to provide Plaintiff with an accounting of said funds. (Comp., ¶¶ 9, 21)

The entry of default under Fed. R. Civ. P. 55(a) is the first procedural step necessary in obtaining a default judgment. *Shepard Claims Serv., Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir. 1986). Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b)(2)

states that a party must apply to the Court for a default judgment. The Court may conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

An entry of default was entered by the Clerk against all three Defendants on February 22, 2013. Plaintiff filed the instant Motion for Default Judgment on February 22, 2013. No one has appeared on behalf of Defendants and no response to the Motion for Default Judgment has been submitted on behalf of any Defendant. The Certificate of Service to the motion indicates Defendants were served with the motion.

As to the $1,000,000.00 in damages sought, Plaintiff submitted a supplemental brief with documents supporting its assertion that Plaintiff wired Defendants the sum of one million ($1,000,000.00) dollars to invest such funds. Plaintiff has properly supported its request for damages.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Default Judgment (Doc. No. 11) is GRANTED. Default Judgment will be entered in favor of Plaintiff and against Defendants in the amount of $1,000,000.00, in addition to any applicable interest and costs as provided by law. Taxation of Costs and Attorney Fees are governed by E.D. Mich. LR 54.1 and 54.2.

Dated: May 31, 2013
        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2013, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager