UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1st AVENUE FUNDING,

    Plaintiff,

                                                      Civil Action No. 12-13067
v.                                                  Honorable Denise Page Hood

FAIRCHILD HOLDINGS, INC., MICHAEL
L. HARMON, and REBECCA A. HARMON,

    Defendants.
_____/

## ORDER DENYING MOTION FOR COSTS AND ATTORNEY FEES

This matter is before the Court on Plaintiff 1st Avenue Funding's Motion for Costs and Attorney Fees. On July 12, 2012, Plaintiff 1st Avenue Funding ("1st Avenue") filed the instant action against Defendants Fairchild Holdings, Inc., Michael L. Harmon and Rebecca A. Harmon alleging: Breach of Contract (Count I); Fraud/Intentional Misrepresentation (Count II); Action for Accounting (Count III); Conversion (Count IV); Disregarding Business Entity Form (Count V); and, Request for Injunctive Relief (Count VI). A Default Judgment was entered against Defendants on May 31, 2013.

Costs are governed by Rule 54(d) of the Rules of Civil Procedure. Fed. R. Civ. P. 54(d). Costs, other than attorney fees, are allowed under Rule 54(d)(1) and 28

U.S.C. § 1920 *et seq.* Requests for costs are to be submitted no later than 28 days after entry of judgment to the Taxation Clerk and taxed by the Clerk's Office pursuant to E.D. Mich. LR 54.1 and the Bill of Costs Handbook, p. 1 ("It is the duty of the Clerk to Tax Costs ... to tax all allowable costs."). E.D. Mich. LR 54.1. In this case, Plaintiff did not file a bill of costs with the Taxation Clerk as required under Local Rule 54.1 and the Bill of Costs Handbook.

Local Rule 54.1.2 governs the filing of a motion for attorney's fees. E.D. Mich. LR 54.1.2. "A motion for an award of attorneys' fees shall be supported by a memorandum brief as to the *authority* of the court to make such an award ..." E.D. Mich. LR 54.1.2(b)(italics added). The authority of a district court to make an award of attorney's fees is delineated in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975). *Bunning v. Kentucky*, 42 F.3d 1008, 1013 (6th Cir. 1994). The "American Rule" is that each party, including the prevailing party, must pay his or her own attorney's fees. *Alyeska*, 421 U.S. at 247. Certain statutes provide for the award of attorney's fees to the prevailing party (i.e. the Civil Rights Act of 1964, 42 U.S.C. § 20001-3(b)). However, the general rule prohibiting attorney's fee awards has never seriously been in doubt. *Alyeska,* 421 U.S. at 257. In Michigan, parties to a contract may agree that the breaching party must pay the reasonable attorneys' fees of the other side. *Advanced Accessory Sys., LLC v. Gibbs,* 71 Fed. Appx. 454, 464 (6th Cir. Jul.

16, 2003)(citing, *Zeeland Farm Servs., Inc. v. JBL Enters., Inc.,* 219 Mich. App. (1996)).

In this case, Plaintiff has not cited any provision in the agreement between Plaintiff and Defendants which awards attorney's fees to a non-breaching party should there be a finding of a breach of the agreement. Plaintiff also has not cited any statute which awards Plaintiff attorney's fees as the prevailing party in this type of lawsuit.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Costs and Attorney Fees **(Doc. No. 16)** is DENIED.

                                                          s/Denise Page Hood
                                                          Denise Page Hood
                                                          UNITED STATES DISTRICT JUDGE

Dated: March 26, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 26, 2014, by electronic and/or ordinary mail.

                                                          s/LaShawn R. Saulsberry
                                                          Case Manager, (313) 234-5165